MCFADDEN, Judge,
concurring fully.
I concur fully in the majority opinion. I write separately as to Division 2 to emphasize that the majority’s construction of OCGA § 23-3-122 (1) is faithful to the text of the statute. As the majority correctly holds, subsection (1) creates a cause of action that is personal to the plaintiff, distinct from the cause of action addressed in the rest of OCGA § 23-3-122, and not subject to the notice requirement of OCGA § 23-3-122 (b).
The dissent implies that we are simply presented with a syllogism that “could not be more clear” and merely leads to an unpalatable result. But contrary to the dissent, the question before us is whether there is a controlling distinction between actions under subsection (1) of OCGA § 23-3-122 — which are personal to the plaintiff- — ■ and other civil actions under that Code section as a whole — which are on behalf of the state. The text of the statute does draw such a distinction, and it is controlling. OCGA § 23-3-122 (1) is distinct from the rest of OCGA § 23-3-122 and is likewise distinct from the rest of the article of which that statute is a part.
That article, Title 23, Chapter 3, Article 6, deals with false or fraudulent claims made against state and local governments. See OCGA § 23-3-120 (1) (defining “Claim”). That statute, OCGA § 23-3-122, addresses the procedures for bringing civil actions under Article 6. As the Solicitor-General explained at oral argument, “The purpose of th[at] statute is to recover state moneys.”
But OCGA § 23-3-122 (1), the final subsection of a lengthy statute, addresses a distinct type of action. The subsection refers repeatedly to an “action under this subsection” and sets out rules related to such actions, distinguishing them from an “action under this Code section,” as a whole.
It is significant that the text of subsection (1) distinguishes “an action under this subsection” from “a civil action under this Code section.” As Justice Scalia and Professor Garner note, “where the document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea.” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 170 (Presumption of Consistent Usage) *584 (1st ed. 2012). And subsection (1) explains the relationship between these two different ideas. A cause of action under subsection (1) arises when a person suffers retaliation as a consequence of “lawful acts done ... in furtherance of a civil action under this Code section” as a whole. OCGA § 23-3-122 (1) (1).
It is true that OCGA § 23-3-122 also uses the phrase “civil action under this article.” OCGA § 23-3-122 (a), (b) (emphasis supplied). But the point of that usage is that the civil actions authorized in subsections (a) and (b) are for the purpose of vindicating the government interests addressed throughout the article. Consequently the subsequent references throughout the statute to “action [s] under this Code section” refer to the same type of actions. As the majority notes, there is no other sensible reading.
This analysis is reinforced by the rule that Scalia and Garner call the Scope-of-Subparts Canon, which provides, “material contained in unindented text relates to all the following or preceding indented subparts.” Scalia & Garner, supra, at 156. Neither subsection (b), which contains the notice requirement, nor subsection (1) is indented. They are of equal rank in the statutory structure.